IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 09-123-GMS |
| ) | |
| DELAWARE DEPARTMENT OF ) | |
| TRANSPORTATION, STATE OF ) | |
| DELAWARE ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

On February 25, 2009, the plaintiff, Nina Shahin ("Shahin"), filed this lawsuit against the Delaware Department of Transportation (the "Department"). (D.I. 2.) In her complaint, Shahin seeks statutory financial, punitive, and injunctive relief in connection with the Department's alleged violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and of the Age Discrimination in Employment Act ("ADEA"). (Id.) Shahin alleges that the Department discriminated against her on the basis of her national origin and age when they failed to employ her. (Id. at 2.) She appears *pro se*. Presently before the court is the Department's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and its motion in the alternative for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (D.I. 13.) For the reasons stated below, the court will grant the Department's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6).

## II.     BACKGROUND

This lawsuit seems to be based upon Shahin's assertion that during the summer of 2007, "[t]he DelDOT failed to employe [sic] the complainant, failed to provide any response on the reasons or to respond to the charge filed with the DE Dept. of Labor." (D.I. 2 at 1-2.) Shahin's complaint otherwise sheds little light on the facts that underpin her claims. Shahin initially filed charges with the Department of Labor, Division of Industrial Affairs and appeal was taken from the agency's decision by the Equal Employment Opportunity Commission ("EEOC"). (Id.) Shahin received a right to sue letter from the EEOC on November 19, 2008. (Id. at 4.) She filed this action on February 25, 2009.

In response to Shahin's complaint, the Department filed a Rule 12(b)(6) motion to dismiss based on the failure of her initial pleading to satisfy the requirements of stating a Title VII claim. (D.I. 13.) Alternatively, the Department argues that the court should require Shahin to provide a more definite statement of her claim pursuant to Rule 12(e) due to the lack of specificity in her complaint with respect to the facts alleged and relief requested. (Id.) Shahin did not file a response to the Department's motions.

## III.    STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Calloway v. Green Tree Servicing, LLC*, 607 F. Supp. 2d 669, 673 (D. Del. 2009). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)).  A complaint not need detail factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (citations omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief.  *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556 n.3).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Because Shahin proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (citation omitted).

**IV.   DISCUSSION**

Title VII suits require plaintiffs to satisfy four elements in order to establish a discrimination claim: (1) the plaintiff is a member of a protected class; (2) the plaintiff applied for the position of employment and was qualified for the position; (3) the plaintiff was rejected for the position; and (4) that after the plaintiff's rejection, the position remained available and the employer thereafter continued to recruit candidates with qualifications similar to those possessed by the plaintiff.  *E.g.*, *Golod v. Bank of America Corp.*, Civ. No. 08-746, 2009 WL 1605309, at *2 (D. Del. June 4, 2009) (citing *Bray v. Marriott Hotels*, 110 F.3d 986, 990 (3d Cir. 1997)).

The court in *Golod v. Bank of America Corp.* dismissed a Title VII claim where the complaint identified two *prima facie* elements but neglected "a key element—namely, that nonmembers of the protected class were treated more fairly." *Golod*, 2009 WL 1605309, at *3.

The Department argues that Shahin's complaint should be dismissed for failure to state a claim in accordance with Rule 12(b)(6). The Department asserts that Shahin has provided insufficient factual information in her complaint to satisfy the four *prima facie* elements of a Title VII claim. (D.I. 13 at 4-5.) According to the court's rules, Shahin's answering brief was due on August 17, 2009, but Shahin did not file an answering brief or otherwise respond to the Department's motion.

After reviewing the complaint, the Department's motion, and the applicable law, the court agrees with the Department that Shahin's complaint fails to state a claim upon which relief can be granted. Shahin's complaint fails to allege any facts related to her claim beyond providing an approximate timeframe during which the alleged discrimination occurred and indicating that she filed claims with the Department of Labor and the EEOC. (See D.I. 2.) In her complaint, Shahin's recitation of the alleged discriminatory acts consists only of a single sentence: "The DelDOT failed to employe [sic] the complainant, failed to provide any response on the reasons or to respond to the charge filed with the DE Dept. of Labor." (D.I. 2 at 2.) Shahin does not provide her national origin or age, the name and requirements of the position(s) to which she applied, her level of qualification with respect to the position(s), and whether the position remained open subsequent to her rejection. (Id.) The only facts that Shahin alleges are that the Department did not hire her and did not explain the reasons why. Such allegations are not sufficient to provide notice to the defendant of the basis of her claim or to establish the *prima facie* elements of a Title VII cause of action. Thus, even given a liberal application of the

pleading rules, the court must conclude that Shahin's complaint fails to state a claim upon which relief can be granted.

## V. CONCLUSION

For the reasons stated above, the court will grant the Department's motion to dismiss, without prejudice, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Given this ruling, the court will deny as moot the motion for a more definite statement.

Dated: February 9, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 09-123-GMS |
| | ) |
| DELAWARE DEPARTMENT OF | ) |
| TRANSPORTATION, STATE OF | ) |
| DELAWARE | ) |
| | ) |
| Defendant. | ) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's motion to dismiss (D.I. 12) is GRANTED without prejudice. The defendant's motion in the alternative for a more definite statement is DENIED as moot.

2. Shanin may, if she chooses, file an amended complaint within 30 days of the date of this order. Absent such filing, her complaint shall be dismissed with prejudice.

Dated: February 9, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE